```
                   IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

|  |  |  |
|---|---|---|
| UNITED STATES, | : | |
| | : | Crim. Action No. 03-0157 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MARCOS SANTIAGO, | : | **OPINION** |
| | : | |
| Defendant. | : | |

**BUMB, District Judge:**[1]

  This matter comes before the Court upon Defendant's filing of an application titled, "Motion for Downward Departure Based on Physical Condition and Mental Conditions Pursuant to §5H1.4 and § 5H1.3 of the United States Sentencing Guidelines." Docket Entry No. 281. Since Defendant's application was filed in his criminal matter, a brief summary of this proceeding appears warranted.

  On March 11, 2003, a criminal indictment was unsealed against Defendant and his three co-defendants. See Docket Entry No. 1. On February 24, 2005, after Defendant's jury found him not guilty of certain charges but guilty of the remaining charges, Hon. Timothy J. Savage ("Judge Savage") entered Defendant's judgment of conviction and sentenced him to 402 months of imprisonment.[2] See Docket Entry No. 185.

---

  [1] Presiding by the Court of Appeals' designation.

  [2] Defendant was convicted of three counts of interference with interstate commerce by robbery, two counts of possessing a firearm in furtherance of a crime of violence, and two counts of

On March 1, 2005, Defendant filed his notice of appeal.  See Docket Entry No. 192.  On July 19, 2006, the Court of Appeals affirmed Defendant's conviction, and denied his motion for rehearing en banc.  See Docket Entry Nos. 221 and 222.

On January 19, 2007, Defendant filed a 28 U.S.C. § 2255 motion.[3]  See Docket Entry No. 234.  On May 8, 2008, this Court denied Defendant's habeas relief.[4]  See Docket Entry No. 273.  When he appealed, the Court of Appeals denied him a certificate of appealability.  See Docket Entry No. 278.  On July 17, 2013, he sought the Court of Appeals' leave to file a second/successive § 2255 motion.  See Docket Entry No. 279.  The Court of Appeals denied that application on August 29, 2013.  See Docket Entry No. 280.  Nine months later, he submitted the application at bar.[5]  See Docket Entry No. 281.

Defendant's application, unambiguously attacking his sentence, as imposed by Judge Savage, is a second/successive §

---

being a felon in possession of firearm.

[3]  On May 30, 2007, shortly after Plaintiff's filing of opposition to Defendant's § 2255 motion, the Court of Appeals designated this Court to preside over Defendant's collateral proceeding.  See Docket Entry No. 245.

[4]  Defendant argued, inter alia, that he robbed one hotel but was "merely present" during the robberies of two other hotels.  This Court examined his position and supporting factual predicate, and found his "actual innocence" claim not credible.

[5]  The application does not state Defendant's jurisdictional basis.  See generally, Docket Entry No. 281. In other words, his reference to "§5H1.4 and § 5H1.3" raised a substantive, rather than a jurisdictional, argument.

2255 motion submitted without the required leave.  Thus, it is subject to dismissal for lack of § 2255 jurisdiction.

> The District Court would lack jurisdiction over a second or successive section 2255 motion unless [Defendant] first obtained authorization from this Court to file it.  See 28 U.S.C. § 2255(h) ("[S]econd or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").

United States v. Serrano, 2014 U.S. App. LEXIS 6250, at *8 (3d Cir. Apr. 4, 2014).

Moreover, if the application sought to invoke Section 2241 jurisdiction, Defendant's reliance on that provision was misplaced.  A motion filed under 28 U.S.C. § 2255 is the presumptive means for a federal prisoner to challenge his sentence.[6]  See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  Here, this Court already found Defendant's "actual innocence" position not credible, and the

---

[6] A defendant can seek relief under § 2241 only if the remedy provided by § 2255 is "inadequate" or "ineffective" to test the legality of his detention.  See 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997).  The Court of Appeals "held that a § 2255 petition is 'inadequate' when a petitioner asserts a claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' . . . but is otherwise barred from challenging the legality of the conviction under § 2255." United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (quoting Dorsainvil, 119 F.3d at 252).

application at bar offers no additional information to that effect: it centers on Defendant's physical and mental conditions.  Therefore, if construed as a § 2241 petition, it should be dismissed for lack of § 2241 jurisdiction.

Furthermore, to the extent the application was meant to seek compassionate release, this Court lacks jurisdiction to <u>sua sponte</u> grant such a remedy.[7]  If the application was meant to raise an umbrella argument that Defendant's incarceration is contrary to the Eighth Amendment, such position merits no relief.[8]  Correspondingly, even with the jurisdictional defects being factored out, Defendant's substantive attack on his sentence fails, since – under the discretionary mandates of 18 U.S.C.S. App'x §§ 5H1.3 and 5H1.4 – the sentencing court is obligated to *justify the grant* – rather than to justify the denial – of downward departure.  <u>See</u>, <u>e.g.</u>, <u>United States v. Winters</u>, 174 F.3d

---

[7] A district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons.  <u>See</u> 18 U.S.C. § 3582.  No such motion was filed in the Defendant's case.

[8] Incarceration of physically/mentally feeble, and even terminally ill, prisoners is not "unusual," even if it is "cruel."  <u>See</u> <u>Harmelin v. Michigan</u>, 501 U.S. 957, 994 (1991) (severe, mandatory penalties are cruel, but not unusual).  The Eighth Amendment does not require consideration of mitigating factors at sentencing in non-capital cases.  <u>See</u> <u>id.</u> at 995; <u>see also</u> <u>Engle v. United States</u>, 26 F. App'x 394, 397 (6th Cir. 2001) ("Individualized sentencing is not mandated by the Eighth Amendment in non-capital cases even where a term . . . becomes a life sentence due to the personal characteristics of a defendant) (citing <u>Harmelin</u>, 501 U.S. at 996).

478 (5th Cir.) (where the district court departed downward from the guidelines and then, after two appeals and remands, kept departing downward, each time offering a different justification, the circuit court found the district court's reasoning deficient for failure to cite the compelling facts necessary to satisfy the very high standards for departure downward from the guidelines), cert. denied, 528 U.S. 969 (1999); see also United States v. Russell, 917 F.2d 512 (11th Cir. 1990) (where defendant committed violent crime of robbery, no departure is warranted since § 5H1.3 is best read jointly with § 5K2.13, and under these two provisions, defendant's mental and emotional conditions are irrelevant except in extraordinary circumstances and might come into play only if he committed a nonviolent crime), cert. denied, 499 U.S. 953 (1991); accord United States v. Christensen, 18 F.3d 822 (9th Cir. 1994) (a district court is authorized to depart downward under § 5H1.3 only if it concludes that defendant's mental illness qualified as extraordinary case); United States v. Kim, 313 F. Supp. 2d 295 (S.D.N.Y. 2004) (defendant's mental or emotional condition is a discouraged basis for departure, and sentencing court may depart only if factor is present to exceptional degree or in some other way makes case different from ordinary case).

For the foregoing reasons, Defendant's application will be dismissed for lack of jurisdiction or, alternatively,

denied as substantively meritless.

An appropriate Order follows.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: June 9, 2014